UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| U.S. CREDIT, INC. | ) Case No. 24-10058 |
| Debtor. | ) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE
EMPLOYMENT OF DENTONS AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF FEBRUARY 12, 2024**

The Official Committee of Unsecured Creditors (the "Committee") of U.S. Credit, Inc. (the "Debtor"), submits this application (the "Application") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"), authorizing the employment of Dentons[1] (as defined below) as counsel for the Committee.

Simultaneously with the filing of this Application, the Committee is filing the *Declaration of Andrew C. Helman in Support of the Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment of Dentons as Counsel to the Official Committee of Unsecured Creditors Effective as of February 12, 2024* (the "Helman Declaration"), which is attached hereto as **Exhibit A** and is incorporated herein by reference.

In support of this Application, the Committee states as follows:

---

[1] The term "Dentons" refers to refers to attorneys with Dentons Bingham Greenebaum LLP ("DBG") and other member firms of the Dentons Group, a Swiss verein.

1

23551039.v3

## JURISDICTION, VENUE AND STATUTORY BASIS

1. The United States District Court for the District of Massachusetts (the "District Court") has original, but not exclusive, jurisdiction over the Chapter 11 Case (defined below) pursuant to 28 U.S.C. § 1334(b). By the District Court's standing order of reference, this matter is referred to this Court pursuant to 28 U.S.C. § 157.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter a final judgment in this proceeding.

3. Venue over the Chapter 11 Case is proper pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. The statutory predicates for the relief sought in this Application are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

5. On January 12, 2024 (the "Petition Date"), the Debtor commenced the chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

6. The Debtor continues to operate its business and manages its property as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. On February 9, 2024, the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 166].

8. On February 12, 2023, the Committee conducted an organizational meeting and selected Dentons to serve as its counsel. Dentons has been working in that capacity since then.

23551039.v3

## DENTONS' QUALIFICATIONS

9. Dentons is well qualified to serve as the Committee's counsel in this Chapter 11 Case. Dentons is a full-service law firm with attorneys who regularly advise debtors, creditors' committees, and other parties in interest in chapter 11 cases. The firm's professionals have substantial experience in virtually all aspects of the law that may arise in the Chapter 11 Case. In particular, Dentons' professionals have experience in the areas of bankruptcy and restructuring; life sciences and healthcare; litigation and dispute resolution; and corporate and tax law matters.

10. As noted above, Dentons refers to Dentons Group, a Swiss verein structure comprised of member firms. The partners of DBG and partners or shareholders of member firms within the United States region for Dentons are also partners of Dentons United States LLP, which is the U.S. Region member of the Dentons Group, whose members and their respective subsidiaries, affiliates, and related entities provide legal services in different locations with their own legal practices.

11. Dentons' restructuring attorneys within the United States work together as part of a national Restructuring, Insolvency, and Bankruptcy Group. Dentons' standard business terms in the U.S. Region do not require separate engagement by clients of any member firm within Dentons. For these reasons, Dentons is making disclosures under Bankruptcy Rule 2014(a) with respect to all of Dentons Group, which includes international organizations, in accordance with the firm's practices. However, Dentons currently anticipates that only attorneys and professionals within DBG will initially work on this matter, though attorneys outside of the United States may provide services if needed or appropriate based on facts and circumstances.

23551039.v3

12. Biographies of attorneys who may work on this matter are attached to the Helman Declaration as Exhibit 3. It is possible that other attorneys within Dentons will also work on this matter.

13. Immediately after the Committee requested that Dentons represent it, Dentons spent significant amounts of time to familiarize itself with all aspects of the Chapter 11 Case. If the Committee were to retain new counsel, considerable time and effort would need to be spent by that new counsel so that it would be familiar with the Debtor's business and the Chapter 11 Case.

## **SERVICES TO BE PROVIDED**

14. The Committee anticipates that Dentons will render general legal services to the Committee as needed throughout the course of the Chapter 11 Case, with a focus on bankruptcy, corporate, finance, and litigation, to the extent necessary. In particular, the Committee anticipates that Dentons will perform, among others, the following legal services:

    A. Advise the Committee with respect to its rights, duties, and powers in this Chapter 11 Case;

    B. Assist and advise the Committee in its consultations with the Debtor relating to the administration of this Chapter 11 Case;

    C. Assist the Committee in analyzing the claims of the Debtor's creditors, the Debtor's capital structure, and in negotiating with the holders of claims and, if appropriate, equity interests;

    D. Assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and other parties involved with the Debtor and of the operation of the Debtor's business;

    E. Assist the Committee in its analysis of, and negotiations with the Debtor or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions, and the terms of a plan of reorganization or liquidation for the Debtor;

    F. Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

  G. Represent the Committee at all hearings and other proceedings;

  H. Review, analyze, and advise the Committee with respect to applications, orders, statements of operations, and schedules filed with the Court;

  I. Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

  J. Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

15. The Committee requires knowledgeable counsel to render the essential professional services it requires in the Chapter 11 Case. As noted above, Dentons has substantial expertise in all of the relevant areas likely to arise in this Chapter 11 Case. Moreover, not only does Dentons have significant experience representing unsecured creditor committees, but Dentons also has experience successfully representing debtors in various restructuring cases. Accordingly, the Committee respectfully submits that Dentons is well qualified to perform these services and represent the Committee's interests in the Chapter 11 Case.

## RELIEF REQUESTED AND BASIS FOR RELIEF

16. Subject to approval of this Court, the Committee seeks approval to employ Dentons as counsel in connection with the Chapter 11 Case, with such retention effective as of February 12, 2024. Dentons has represented the Committee since that date and worked to assist the Committee with the significant and important issues in this Chapter 11 Case, which required immediate attention.

17. Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 to employ attorneys under section 1103 under reasonable conditions with the Court's approval. Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an

5

adverse interest in the same case. Thus the Court need not look past section 1103 of the Bankruptcy Code to determine whether Dentons is qualified to serve as Committee counsel. *In re Universal Bldg. Prods.*, 486 B.R. 650, 662 (Bankr. D. Del. 2010) (determining that committee counsel need not be "disinterested" under section 327 of the Bankruptcy Code to be retained under section 1103 of the Bankruptcy Code).

18. To the best of the Committee's knowledge, information, and belief, except as may be disclosed in the accompanying Helman Declaration, neither Dentons nor any of its attorneys have connections with the Debtor, its creditors, equity security holders, or any other party in interest, or their respective attorneys, accountants, the U.S. Trustee, or any person currently employed in the Office of the U.S. Trustee, in any matters related to the Debtor or its estate. To the best of the Committee's knowledge, based upon the Helman Declaration, and except as may be set forth therein, Dentons (i) does not hold any adverse interest or represent any entity having an adverse interest in connection with this Chapter 11 Case, and, further, (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

19. Dentons will conduct continuing inquiries into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Dentons will file a supplemental verified statement setting forth any facts and circumstances relevant thereto. The Committee is aware that, because Dentons is a large law firm with diverse clients, Dentons may currently represent, may have represented, or may have connections to certain creditors of the Debtor's estates or other parties in interest in matters unrelated to the Debtor or the Chapter 11 Case. Disclosures with respect to such engagements or connections are in the Helman Declaration.

6

**PROFESSIONAL COMPENSATION**

20. Subject to this Court's approval, Dentons intends to charge the Committee for legal services on an hourly basis and to seek reimbursement of actual expenses, as set forth in the Helman Declaration. The hourly rates charged by Dentons professionals differ based on, among other things, the professional's experience and geographic location. The hourly rates charged by Dentons may change from time to time in accordance with Dentons' practices and procedures.

21. Dentons has and will utilize detailed time-keeping and billing software to generate detailed records of time spent and any actual and necessary expenses incurred with the rendition of legal services. Dentons agrees to accept as compensation for its services such sums as may be allowed by this Court in accordance with applicable law, based upon the time spent, the services rendered, the costs incurred, the results achieved, the difficulties encountered, the complexities involved, and any other appropriate factors.

22. It is Dentons' policy to be reimbursed by clients for all out-of-pocket expenses incurred in connection with the representation of clients. All such expenses shall be billed in accordance with the normal billing practices of the firm and subject to any limitations under the Bankruptcy Code and this Court's Local Rules. Dentons intends to bill travel time at one-half of the billing rate for the individual involved and, to the extent practicable, its attorneys spend their travel time actively working on the client's matters. Dentons does not intend to bill for travel time when its attorneys are working on matters for other clients during time actually spent traveling.

23. Because of the variety and complexity of the services that will be required, it is not possible to precisely estimate the total cost of services to be rendered for the balance of the Chapter 11 Case. Dentons anticipates that fees will be consistent with cases of similar size and complexity in the District of Massachusetts and other similar Districts in northern New England.

23551039.v3

## NOTICE, WAIVER OF NOTICE, & STAY REQUIREMENTS

24. The Committee will provide notice of this Application to the following: (i) Office of the U.S. Trustee for the District of Massachusetts; (ii) parties included on the Debtors' List of Creditors Holding 20 Largest Unsecured Claims; and (iii) the Debtors' secured creditor(s). The Committee submits that it does not need to provide any other or further notice.

25. This Application is necessary for the Committee to preserve value for the Debtors' estates. Accordingly, to the extent applicable and to successfully implement the foregoing, the Committee respectfully seeks a waiver of the notice requirements and any stay under Bankruptcy Rules 6004(a) and (h), respectively.

## NO PRIOR REQUEST

26. The Committee has not made any prior requests for the relief sought in this Application to this or any other court.

## CONCLUSION

Based on the foregoing, the Committee requests that the Court enter an order, substantially in the form filed herewith, authorizing the employment of Dentons as counsel on the terms requested herein and in the accompanying form of order, with such retention effective as of February 12, 2024, and granting such further and additional relief that the Court deems proper.

23551039.v3

Dated: February 26, 2024

/s/ *Andrew C. Helman*
Andrew C. Helman (BBO# 679155)
Dentons Bingham Greenebaum LLP
One Beacon Street, Suite 25300
Boston, Massachusetts  02108
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

and

James R. Irving (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
3500 PNC Tower, 101 S. Fifth Street
Louisville, Kentucky 40202
Telephone:  (502) 587-3606
E-mail:  james.irving@dentons.com

and

Kyle D. Smith (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME  04101
Phone: (207) 553-8368
Email: kyle.d.smith@dentons.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of U.S. Credit, Inc..*

# **CERTIFICATE OF SERVICE**

I, Andrew C. Helman, hereby certify that I caused the foregoing documents (including any exhibits) to be filed on the Court's CM/ECF electronic filing system, thereby causing such documents to be served on the parties identified on the Service List set forth below, including the United States Trustee.

**Service List:**
Charles R. Bennett, Jr. on behalf of Debtor U.S. Credit, Inc.
cbennett@murphyking.com, bankruptcy@murphyking.com;imccormack@murphyking.com;ecf-ca5a5ac33a04@ecf.pacerpro.com

Eric K. Bradford on behalf of Assistant U.S. Trustee Richard King - B
Eric.K.Bradford@USDOJ.gov

Christopher M. Condon on behalf of Debtor U.S. Credit, Inc.
ccondon@murphyking.com, imccormack@murphyking.com;ecf-06e49f159ba0@ecf.pacerpro.com

Peter J. Haley on behalf of Creditor Thread Bank
peter.haley@nelsonmullins.com, marie.moss@nelsonmullins.com

Andrew C. Helman on behalf of Creditor Committee Official Committee of Unsecured Creditors of U.S. Credit, Inc.
andrew.helman@dentons.com, samantha.hayes@dentons.com,tiffany.babcock@dentons.com

Steven W. Jelenchick on behalf of Creditor Connexus Credit Union
sjelenchick@bcblaw.net, pmitchell@bcblaw.net

Richard King - B
USTPRegion01.BO.ECF@USDOJ.GOV

David Koha on behalf of Creditor First & Peoples Bank and Trust Company
koha@casneredwards.com, luo@casneredwards.com;kohadr97042@notify.bestcase.com

Hanna Blair Perry Lahr on behalf of Creditor First Bank of Alabama
hlahr@burr.com, mgunnells@burr.com

Hanna Blair Perry Lahr on behalf of Creditor Georgia's Own Credit Union
hlahr@burr.com, mgunnells@burr.com

Hanna Blair Perry Lahr on behalf of Creditor James Preston Capital Group, LLC
hlahr@burr.com, mgunnells@burr.com

Hanna Blair Perry Lahr on behalf of Creditor NobleBank & Trust
hlahr@burr.com, mgunnells@burr.com

23551039.v3

Andrew G. Lizotte on behalf of Debtor U.S. Credit, Inc.
agl@murphyking.com,
bankruptcy@murphyking.com;aspanos@murphyking.com;ddk@murphyking.com;agl@murphyking.com;ecf-72a6723957cc@ecf.pacerpro.com;imccormack@murphyking.com

Derek Meek on behalf of Creditor First Bank of Alabama
dmeek@burr.com, mgunnells@burr.com

Derek Meek on behalf of Creditor First Fidelity Bank
dmeek@burr.com, mgunnells@burr.com

Derek Meek on behalf of Creditor Georgia's Own Credit Union
dmeek@burr.com, mgunnells@burr.com

Derek Meek on behalf of Creditor James Preston Capital Group, LLC
dmeek@burr.com, mgunnells@burr.com

Derek Meek on behalf of Creditor NobleBank & Trust
dmeek@burr.com, mgunnells@burr.com

Derek Meek on behalf of Creditor Southern States Bank
dmeek@burr.com, mgunnells@burr.com

William R. Moriarty on behalf of Creditor Pathfinder Bank
wmoriarty@sassooncymrot.com

John T. Morrier on behalf of Creditor First & Peoples Bank and Trust Company
morrier@casneredwards.com, luo@casneredwards.com

Leah Anne O'Farrell on behalf of Debtor U.S. Credit, Inc.
lofarrell@murphyking.com

Joseph M Peltz on behalf of Creditor Connexus Credit Union
jpeltz@bcblaw.net, pmitchell@bcblaw.net

Hanna J. Redd on behalf of Creditor Connexus Credit Union
hanna.ciechanowski@lockelord.com

Jeffrey D. Sternklar on behalf of Creditor Arlington Financial Consultants LLC
jeffrey@sternklarlaw.com,
jdsternklar@yahoo.com;r60083@notify.bestcase.com;3338331420@filings.docketbird.com

Catherine T. Via on behalf of Creditor First Bank of Alabama
cturner@burr.com, mgunnells@burr.com

23551039.v3

Catherine T. Via on behalf of Creditor Georgia's Own Credit Union
cturner@burr.com, mgunnells@burr.com

Catherine T. Via on behalf of Creditor James Preston Capital Group, LLC
cturner@burr.com, mgunnells@burr.com

Catherine T. Via on behalf of Creditor NobleBank & Trust
cturner@burr.com, mgunnells@burr.com

Dane Voris on behalf of Creditor Georgia's Own Credit Union
dvoris@cooley.com

Lynne B. Xerras on behalf of Creditor Clear Haven Capital Management LLC
lynne.xerras@hklaw.com, chris.bailey@hklaw.com;brent.mcilwain@hklaw.com

Jonathan W. Young on behalf of Creditor Connexus Credit Union
jonathan.young@lockelord.com, autodocket@lockelord.com

| | |
|---|---|
| Dated: February 26, 2024 | */s/ Andrew C. Helman* |
| | Andrew C. Helman (BBO# 679155) |
| | Dentons Bingham Greenebaum LLP |
| | One Beacon Street, Suite 25300 |
| | Boston, Massachusetts  02108 |
| | Phone: (207) 619-0919 |
| | Email: andrew.helman@dentons.com |

23551039.v3