**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 11** |
| **U.S. CREDIT, INC.,** | ) | **Case No. 24-10058-JEB** |
| | ) | |
| **Debtor** | ) | |

**GEORGIA'S OWN CREDIT UNION, FIRST BANK OF ALABAMA,**
**NOBLEBANK & TRUST'S JOINT MOTION TO QUASH SUBPOENAS**
*(REQUEST FOR EMERGENCY DETERMINATION)*

**COME NOW**, Georgia's Own Credit Union, First Bank of Alabama, and NobleBank & Trust (collectively, "Movants"), by and through their undersigned counsel, and, pursuant to Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure ("Rules"), as made applicable to this matter by Rules 7026, 7030, 7034, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, file this motion to quash ("Motion"): a) the *Notice of Oral Deposition Accompanied by Document Production Request* and accompanying subpoena to Mark Ramsdell ("Mr. Ramsdell"); b) *Notice of Oral Deposition Accompanied by Document Production Request* and accompanying subpoena to Christin Hewitt ("Ms. Hewitt"); and c) *Notice of Oral Deposition Accompanied by Document Production* Request and accompanying subpoena to Greg Lee ("Mr. Lee," and together with Mr. Ramsdell and Ms. Hewitt, the "Deponents"), all dated April 19, 2024 ("Subpoenas"). Copies of the Subpoenas are attached hereto as **Exhibit A**. Emergency determination is needed due to the Movants' deadline to comply with the Subpoenas being April 23, 2024. In support of this Motion, the Movants state as follows:

**PRELIMINARY STATEMENT**

The Movants, through the Deponents as their representatives, were appointed members of the unsecured creditors' committee ("Committee") by the United States Trustee ("US Trustee"). Subsequent to the appointment of the Committee, the Committee voted to disband after the

appointment of Stephen Darr ("Trustee"), as the chapter 11 trustee. Dentons Bingham Greenebaum LLP ("Dentons") represented the Committee, and upon the disbanding of the Committee, withdrew from representation of the Committee and filed an application for employment as counsel to the Trustee.

The US Trustee has objected to the employment of Dentons as counsel to the Trustee, and in connection with its objection, served the Subpoenas on the Deponents on Friday, April 19, 2024, which subpoenas require the Deponents to produce documents and sit for depositions on April 23, 2024. The Deponents object to the Subpoenas and request that this Court quash them for the reasons set forth herein. As an initial matter, the Movants do not believe that the Committee still exists. Even if the Committee does still exist, the Movants have resigned from the Committee, and the Committee no longer has counsel, as this Court approved Dentons' motion to withdraw as Committee counsel. The Movants do not want to risk waiving the Committee's attorney-client and/or work product privileges by turning over the documents requested by the Subpoenas to counsel that represents them in their individual capacities, separate and apart from the Committee. The issue of the Committee's privileges and who can advise the Committee regarding such privileges must be resolved before the Movants can comply with the Subpoenas. Finally, the time frame for the Movants to produce documents and sit for depositions is too expedited, and certain of the Deponents are not available on April 23, 2024 to sit for depositions. The Movants have conferred with counsel for both the US Trustee and the Trustee regarding the Subpoenas and have not reached a resolution. Therefore, the Movants respectfully request that the Court grant this Motion and hear this Motion on an emergency basis to resolve the objections to the Subpoenas.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).

## RELEVANT FACTUAL BACKGROUND

2.      On January 12, 2024, U.S. Credit, Inc. ("Debtor") filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

3.      On or about February 9, 2024, the US Trustee appointed the Movants to serve as the members of the Committee in the Debtor's chapter 11 case. *See* Doc. 166.

4.      On or about February 26, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing the Employment of Dentons as Counsel to the Official Committee of Unsecured Creditors Effective as of February 12, 2024*. *See* Doc. 257.

5.      On February 29, 2024, the US Trustee filed its *Application for and Certificate of Appointment of Chapter 11 Trustee*. *See* Doc. 279.

6.      On or about February 29, 2024, the Committee filed the *Notice of the Official Committee of Unsecured Creditors' Unanimous Vote to Disband* ("Notice to Disband"). *See* Doc. 280. The Committee stated it has unanimously voted to disband following the appointment of the Trustee. *Id*. The Committee stated that it "believe[d] that the interests of unsecured creditors will be adequately considered by the chapter 11 trustee and wishe[d] to avoid unnecessary administrative expenses." *Id.* The Committee stated that the US Trustee was informed of the Committee's decision to disband the Committee prior to filing the Notice to Disband. *Id.*

7.      On or about February 29, 2024, Dentons filed the *Motion to Withdraw as Counsel for the Official Committee of Unsecured Creditors* ("Motion to Withdraw"). *See* Doc. 283. No party objected to the Motion to Withdraw.

8.      On or about March 1, 2024, this Court granted the Motion to Withdraw. *See* Doc. 285.

9.      On or about April 19, 2024, the Movants received the Subpoenas.

<div align="center">

**MEMORANDUM OF LAW**

</div>

**I.      This Court Should Grant the Motion Because the Subpoenas Are Improper.**

**A.  The Committee No Longer Exists, But Even if It Does, the Committee Will Be Prejudiced by Compliance with the Subpoenas.**

10.      The Subpoenas are improper, in part, because the Committee no longer exists.

11.      Section 1103 of the Bankruptcy Code sets out the powers of an unsecured creditors' committee. Under subsection 1103(c)(5), the Committee has the authority to "perform such other services as are in the interest of those represented." *See* 11 U.S.C. § 1103(c)(5). Therefore, the Committee had the authority to disband in the interests of the unsecured creditors that it represented.

12.      On or about February 29, 2024, the Committee filed the Notice to Disband, effectively disbanding the Committee. As stated above, the Committee disbanded in the interest of not incurring unnecessary administrative expenses, an interest in which the US Trustee appears unconcerned. Since the Notice to Disband was filed on February 29, 2024, the US Trustee has not moved to appoint other creditors to reconstitute a new Committee. Therefore, there is no longer a Committee in place, and the Movants are no longer serving as members of the Committee.

13.      Even if any Committee still exists, although without any members, it is no longer represented by counsel. This Court granted the Motion to Withdraw on March 1, 2024. *See* Doc.

285. Without counsel, the Movants are concerned about preserving privileges, regardless of whether the Committee still exists or not. The Movants are represented by the undersigned in their individual capacities as creditors of the Debtor. Undersigned counsel has never and does not represent the Movants in their former role as members of the Committee. The Movants, and the Committee, will be prejudiced if the privileges are inadvertently waived by turning over Committee documents to the US Trustee or possibly even their individual counsel to review prior to complying with any non-objectionable requests for production in the Subpoenas.

14.      Therefore, the Movants respectfully request that this Court grant the Motion and set a hearing date to determine whether the Committee exists, who represents the Committee if it does exist, and whether the privileges will be waived if the Movants turn over documents to their counsel, the US Trustee, or any other party, in response to the Subpoenas.

### B. The Subpoenas Do Not Allow for Sufficient Time to Produce Documents and Prepare for Examination.

15.      The Subpoenas must be quashed because they do not comply with the Rules. Although the Movants recognize the necessarily expedited nature of proceedings in a bankruptcy case, the proposed compliance dates are far too expedited and do not allow the Movants sufficient time to search for, collect, and produce non-objectionable, responsive documents, or to properly prepare the Deponents to testify.  For these reasons, the Subpoenas should be quashed.

16.      Rule 45(d)(3)(A)(i) requires a subpoena to provide the deponent with a "reasonable time to comply."  *See* Fed. R. Civ. P. 45(d)(3)(A)(i).  The Subpoenas were served on the Deponents on April 19, 2024 at 9:09:01 AM EDT.  Compliance with the Subpoenas is required two (2) business days later, whereby the Deponents are required to produce documents and sit for depositions on April 23, 2024.

17.     The majority, if not all, of the Deponents are unavailable on such short notice to produce documents and sit for a deposition, and would not be able to adequately prepare to testify. At least one of the Deponents has a vacation scheduled the entire week of April 22, 2024.  The time for compliance with the Subpoenas is therefore not reasonable, and they should be quashed. *See, Brown v. Hendler*, No. 09 CIV. 4486 RLE, 2011 WL 321139, *2 (S.D.N.Y. Jan. 31, 2011) (quashing subpoena for lack for reasonable time to comply when party was given nine days to comply).

## II.    <u>The Movants Object to the Subpoenas, and Reserve All Rights to Raise Additional Objections.</u>

18.     The Movants object to the Subpoenas on the grounds that the Subpoenas fail to allow a reasonable time to comply.

19.     To the extent any Subpoena seeks or could be construed to seek the production of privileged and/or immune information, including, without limitation, information subject to and/or protected from disclosure pursuant to the attorney-client privilege, the attorney work product doctrine, or any other recognized doctrine or privilege held by the Committee, the Movants claim such privileges and immunities and object to the Subpoenas on those grounds. The Movants reserve all rights to assert additional objections to the Subpoenas once the Court determines whether the Committee still exists, who is entitled to assert any privileges held by the Committee, and whether the Committee has counsel that can advise it on the foregoing.

20.     Additionally, to the extent any Subpoena seeks or could be construed to seek the production of privileged and/or immune information, including, without limitation, information subject to and/or protected from disclosure pursuant to the attorney-client privilege, the attorney work product doctrine, or any other recognized doctrine or privilege held by the Movants in their

individual capacity, the Movants claim such privileges and immunities and object to the Subpoenas

on those grounds.

**III.**    **Emergency Determination Requested.**

21.    Emergency determination is necessary because the deadline for the Deponents to

comply with the Subpoenas is April 23, 2024.

## CONCLUSION

**WHEREFORE**, the Movants respectfully request that this Court grant the Motion, set a

hearing date on an emergency basis, and grant such other relief that this Court finds necessary.

Dated this the 22nd day of April, 2024.

Respectfully submitted,

/s/ Hanna Lahr
Derek F. Meek (admitted *pro hac vice*)
Hanna Lahr (admitted *pro hac vice*)
Catherine T. Via (admitted *pro hac vice*)
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
(205) 251-3000
dmeek@burr.com
hlahr@burr.com
cvia@burr.com

Attorneys for GEORGIA'S OWN CREDIT
UNION, FIRST BANK OF ALABAMA, AND
NOBLEBANK & TRUST

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2024, a copy of the foregoing document was filed electronically to be served on all parties who have registered to receive notifications via the Court's CM/ECF system.

/s/ Hanna Lahr
OF COUNSEL

## Exhibit A

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| U.S. CREDIT, INC., | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Case No. 24-10058-JEB |
| | ) | |

### NOTICE OF ORAL DEPOSITION ACCOMPANIED
### BY DOCUMENT PRODUCTION REQUEST
### (WITH CERTIFICATE OF SERVICE)

TAKE NOTICE that William K. Harrington, the United States Trustee for Region 1, will take the deposition of **Mr. Mark Ramsdell,** a member of the Official Committee of Unsecured Creditors in the above chapter 11 bankruptcy case, under Fed. R. Civ. P. 30, as made applicable to contested matters under Fed. R. Bankr. P. 9014 on **Tuesday, April 23, 2024 beginning at 3:00 p.m. EST.**

The deposition will be conducted remotely and recorded stenographically.

THIS NOTICE IS ACCOMPANIED by a subpoena under Fed. R. Civ. P. 45 that requires Mr. Ramsdell to produce documents before the time of the deposition, at **10:00 a.m.**

1

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:     */s/ Eric K. Bradford*
        Eric K. Bradford BBO#560231
        Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA 02109-3934
        Phone: (202) 306-3815
        Fax: (617) 565-6368
Dated:  April 19, 2024.        Eric.K.Bradford@usdoj.gov

2

## CERTIFICATE OF SERVICE

I certify that on April 19, 2024, true and correct copies of the foregoing notice and the attached subpoena were served by email to Mr. Ramsdell at the address he provided to the United States Trustee, Derek F. Meek, Esq., and counsel to the Creditors' Committee, Andrew Helman, Esq.

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:    */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Fax: (617) 565-6368

Dated:  April 19, 2024.    Eric.K.Bradford@usdoj.gov

**BY EMAIL:**

Mark Ramsdell
NobleBank & Trust
1509 Quintard Ave.
Anniston, AL 36201
Email: mramsdell@noblebank.com

Derek F. Meek, Esq.
Burr & Forman, LLP
420 North 20th St., Suite 3400
Birmingham, AL 35203

Andrew Helman, Esq.
Dentons Bingham Greenebaum LLP
One Beacon Street, Suite 25300
Boston, MA 02108
Email: andrew.helman@dentons.com

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Massachusetts__

In re __U.S. Credit, Inc.__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __24-10058-JEB__

Chapter __11__

Adv. Proc. No. _____

### SUBPOENA TO TESTIFY AT A DEPOSITION
### IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Mr. Mark Ramsdell, a member of the official committee of unsecured creditors for U.S. Credit, Inc.**

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Remotely by Zoom | **Tuesday, April 23, 2024 beginning at 3:00 p.m. EST.** |

The deposition will be recorded by this method:
Remotely by Zoom and recorded stenographically.

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The documents described in the attached Exhibit "A" on or before 04/23/2024 at 10:00 a.m.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __April 19, 2024__

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

ERIC BRADFORD
Digitally signed by ERIC BRADFORD
Date: 2024.04.19 07:55:32 -04'00'

_____
Attorney's signature
Eric K. Bradford, Trial Attorney

The name, address, email address, and telephone number of the attorney representing *(name of party)* Wiliam K. Harrington United States Trustee, Region 1 , who issues or requests this subpoena, are:

Eric K. Bradford, 5 P.O. Square, 10th Floor, Suite 1000, Boston, MA 02109-3934, Eric.K.Bradford@usdoj.gov
(202) 306-3815

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

__By email to Mr. Mark Ramsdell_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date:  __April 19, 2024__

ERIC BRADFORD        Digitally signed by ERIC
                     BRADFORD
                     Date: 2024.04.19 07:56:29 -04'00'
_____
*Server's signature*

Eric K. Bradford, Trial Attorney
_____
*Printed name and title*

United States Trustee, 5 P.O. Square, Suite 1000

Boston, MA 02109-3934
_____
*Server's address*

Eric.K.Bradford@usdoj.gov

(202) 306-3815

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT "A"

**I.**

**INSTRUCTIONS**

1.     You are required to respond to this request for production of Documents (as defined herein) and tangible things by drawing on all materials in your possession, ownership, custody, or control, actual or constructive, including materials that you have a right to secure from any other source.  These sources include, but are not limited to, your employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.  These sources further include, but are not limited to, your predecessors, successors, parents, subsidiaries, affiliates, divisions, and their respective employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.

2.     If any Document or tangible thing herein requested was, but no longer is, in your possession or subject to your control, whether actual or constructive, state what disposition was made of the Document or tangible thing, why such disposition was made, to whom the Document or tangible thing was transferred or delivered if applicable, where the Document or tangible thing presently is located, and the date or dates (or approximate date or dates) on which such disposition was made.

3.     In the event that you file a proper and timely objection to any portion of any individual request for the production of Documents or tangible things presented herein, you are required to respond to all other portions of that request that do not fall within the ambit of your objection.

4.     If any portion of any Document or tangible thing is responsive to any production request herein, then the entire Document or tangible thing must be produced.  If any requested Document or tangible thing cannot be produced in full, then you must produce that Document or tangible thing to the greatest extent possible.  Whenever a document or tangible thing is not produced in full, or is produced in redacted form, you must indicate such on the Document or tangible thing produced.

**5.     If any Document or tangible thing responsive to a production request herein is withheld in whole or in part, for any reason whatsoever, including, but not limited to, any claim of privilege, confidentiality, or**

trade secret, then you must state with respect to each such **Document, tangible thing, or withheld portion thereof: (a) the privilege or ground under which it is being withheld; (b) a description of the subject matter thereof; (c) the identity of its author or creator; (d) the identity of all persons to whom it is addressed and all persons to whom copies thereof have ever been furnished; (e) the date thereof; and (f) the current custodian and location thereof.**

6.      If there do not exist Documents or tangible things responsive to a specific production request herein, then you must indicate such in your written response hereto.

7.      The Documents or tangible things produced in response hereto shall be segregated and clearly marked or labeled so as to correspond to the specific production requests to which such Documents or tangible things are responsive and are being produced.  Otherwise, such Documents or tangible things shall be produced as they are kept in the usual course of business, including the production of files from which such Documents or tangible things are taken.

8.      This is a continuing request for production of Documents and tangible things.  Thus, if after making your initial production(s), you become aware of any additional responsive Documents or tangible things in your possession, ownership, custody or control (actual or constructive), including materials which you have a right to secure from any other source, you are required without further request to produce, or to make available for inspection or copying, such additional Documents or tangible things.

9.      **Unless otherwise specified in any individual request, you must produce all responsive Documents generated or created at any time up to and including the present.**

## II.
## DEFINITIONS

1.      **Application.**  The term "Application" means the Application filed by Dentons to serve as counsel to the Trustee.

2.      **Trustee.**  The term "Trustee" means Steven Darr, whom the United States Trustee appointed chapter 11 trustee in the Debtor's chapter 11 case on February 29, 2024.

3. **Committee.** The term "Committee" means the official committee of unsecured creditors appointed in the Debtor's chapter 11 case by the United States Trustee on February 9, 2024.

4. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, without limitation, email, text, telephone or in writing of any kind.

5. **Concerning**.  The term "concerning" means referring to, describing, evidencing, or constituting.

6. **Creditor.** The term "creditor" has the same meaning as ascribed to it in 11 U.S.C. § 101(10), including an entity holding a claim against the Debtor that arose prior to its filing a voluntary chapter 11 petition on January 12, 2024.

7. **Debtor.** The term "Debtor" means U.S. Credit, Inc., the chapter 11 debtor in Case No. 24-10058-JEB.

8. **Dentons.** The term "Dentons" means the law firm Dentons Bingham Greenebaum LLP, counsel to the Committee, and any person working for or on behalf of Dentons.

9. **Documents**. The term "documents" includes, but is not limited to, the following materials: any and all papers, documents, correspondence, letters, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), backup tapes, data electronically stored (including archival and backup copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means), other data, photographs, videos, surveys, drawings, films, schematics, other computer generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, or any other papers or writings or communications or summaries thereof.

10. **Member.** The term "member" means a person appointed the Committee.

11. **Notice of Disbandment.** The term "Notice of Disbandment" means the "Notice of the Official Committee of Unsecured Creditors' Vote to

3

Disband" filed on behalf of the Committee by Dentons on February 29, 2024 at Docket Number 280.

12.     **Person**.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

13.     **Refer or Refers to**.  The term "refer" or "refer to" means mentioning, discussing, making reference to or relating to in any way.

14.     **Relate or Relates to**.  The term "relate" or "relates to" means constituting, defining concerning embodying, reflecting, identifying, stating, referring to, dealing with or in any way pertaining to.

15.     Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

## III.
## REQUESTED DOCUMENTS AND TANGIBLE THINGS

The terms defined in Section II above have the same meaning here.  **The United States Trustee requests that the person identified in the attached notice and subpoena produce to the United States Trustee's counsel, Eric K. Bradford, in pdf format, by email, drop box or some other mutually agreeable means**, and permit him to inspect and to copy the following:

1.     All documents, including minutes, resolutions, votes or notes of any Committee meeting, concerning, referring or relating to the Committee's retaining Dentons as counsel for the Committee and/or the withdrawal or termination of Dentons.

2.     All documents, including minutes, resolutions, votes or notes of any Committee meeting, concerning, referring or relating to the disbandment of the Committee and Dentons' recommendations or advice regarding the same.

3.     All documents concerning, referring or relating to the assertions in the Notice of Disbandment that the Committee had "unanimously voted to disband . . . [and] The Committee believes that the interests of unsecured creditors will be adequately considered by the chapter 11 trustee and wishes to avoid unnecessary administrative expense . . . ."

4

4.      All documents concerning, referring or relating to the assertions in the Application that "After considering the issues, the Committee voted unanimously to disband and all of the Committee's members provided [Dentons] informed written consent that [Dentons] could represent the Trustee if so asked . . . ."

5.      All documents concerning, referring or relating to the Committee's investigation of possible claims against the Debtor or any creditor.

6.      All documents responsive to the above requests held by any Committee member.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| U.S. CREDIT, INC., | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Case No. 24-10058-JEB |
| | ) | |

**NOTICE OF ORAL DEPOSITION ACCOMPANIED
BY DOCUMENT PRODUCTION REQUEST
(WITH CERTIFICATE OF SERVICE)**

TAKE NOTICE that William K. Harrington, the United States Trustee for Region 1, will take the deposition of **Ms. Christin Hewitt,** a member of the Official Committee of Unsecured Creditors in the above chapter 11 bankruptcy case, under Fed. R. Civ. P. 30, as made applicable to contested matters under Fed. R. Bankr. P. 9014 on **Tuesday, April 23, 2024 beginning at 2:00 p.m. EST.**

The deposition will be conducted remotely and recorded stenographically.

THIS NOTICE IS ACCOMPANIED by a subpoena under Fed. R. Civ. P. 45 that requires Ms. Hewitt to produce documents before the time of the deposition, at **10:00 a.m.**

1

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:    */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Fax: (617) 565-6368
Dated:  April 19, 2024.    Eric.K.Bradford@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 19, 2024, true and correct copies of the foregoing notice and the attached subpoena were served by email to Ms. Hewitt at the address she provided to the United States Trustee, Derek F. Meek, Esq., and counsel to the Creditors' Committee, Andrew Helman, Esq.

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:   */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Fax: (617) 565-6368
Eric.K.Bradford@usdoj.gov

Dated:  April 19, 2024.

**BY EMAIL:**

Christin Hewitt
Georgia's Own Credit Union
P.O. Box 105205
Atlanta, GA 30348
Email: ckhewitt@georgiasown.org

Derek F. Meek, Esq.
Burr & Forman, LLP
420 North 20th St., Suite 3400
Birmingham, AL 35203

Andrew Helman, Esq.
Dentons Bingham Greenebaum LLP
One Beacon Street, Suite 25300
Boston, MA 02108
Email: andrew.helman@dentons.com

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Massachusetts**

In re **U.S. Credit, Inc.**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **24-10058-JEB**

Chapter **11**

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Ms. Christin Hewitt, a member of the official committee of unsecured creditors for U.S. Credit, Inc.**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Remotely by Zoom | **Tuesday, April 23, 2024 beginning at 2:00 p.m. EST.** |

The deposition will be recorded by this method: Remotely by Zoom and recorded stenographically.

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: The documents described in the attached Exhibit "A" on or before 04/23/2024 at 10:00 a.m.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **April 19, 2024**
_____

CLERK OF COURT

OR

**ERIC BRADFORD**
Digitally signed by ERIC BRADFORD
Date: 2024.04.19 07:55:32 -04'00'

_____
Signature of Clerk or Deputy Clerk

_____
*Attorney's signature*
**Eric K. Bradford, Trial Attorney**

The name, address, email address, and telephone number of the attorney representing *(name of party)* Wiliam K. Harrington United States Trustee, Region 1 , who issues or requests this subpoena, are:

Eric K. Bradford, 5 P.O. Square, 10th Floor, Suite 1000, Boston, MA 02109-3934, Eric.K.Bradford@usdoj.gov (202) 306-3815

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_By email to Ms. Christin Hewitt_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date:  _April 19, 2024_____

ERIC BRADFORD
Digitally signed by ERIC BRADFORD
Date: 2024.04.19 07:56:29 -04'00'

_____
*Server's signature*

Eric K. Bradford, Trial Attorney
*Printed name and title*

United States Trustee, 5 P.O. Square, Suite 1000
Boston, MA 02109-3934
*Server's address*

Eric.K.Bradford@usdoj.gov
(202) 306-3815

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT "A"

**I.**
**INSTRUCTIONS**

1.      You are required to respond to this request for production of Documents (as defined herein) and tangible things by drawing on all materials in your possession, ownership, custody, or control, actual or constructive, including materials that you have a right to secure from any other source.  These sources include, but are not limited to, your employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.  These sources further include, but are not limited to, your predecessors, successors, parents, subsidiaries, affiliates, divisions, and their respective employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.

2.      If any Document or tangible thing herein requested was, but no longer is, in your possession or subject to your control, whether actual or constructive, state what disposition was made of the Document or tangible thing, why such disposition was made, to whom the Document or tangible thing was transferred or delivered if applicable, where the Document or tangible thing presently is located, and the date or dates (or approximate date or dates) on which such disposition was made.

3.      In the event that you file a proper and timely objection to any portion of any individual request for the production of Documents or tangible things presented herein, you are required to respond to all other portions of that request that do not fall within the ambit of your objection.

4.      If any portion of any Document or tangible thing is responsive to any production request herein, then the entire Document or tangible thing must be produced.  If any requested Document or tangible thing cannot be produced in full, then you must produce that Document or tangible thing to the greatest extent possible.  Whenever a document or tangible thing is not produced in full, or is produced in redacted form, you must indicate such on the Document or tangible thing produced.

**5.      If any Document or tangible thing responsive to a production request herein is withheld in whole or in part, for any reason whatsoever, including, but not limited to, any claim of privilege, confidentiality, or**

trade secret, then you must state with respect to each such Document, tangible thing, or withheld portion thereof: **(a)** the privilege or ground under which it is being withheld; **(b)** a description of the subject matter thereof; **(c)** the identity of its author or creator; **(d)** the identity of all persons to whom it is addressed and all persons to whom copies thereof have ever been furnished; **(e)** the date thereof; and **(f)** the current custodian and location thereof.

6.      If there do not exist Documents or tangible things responsive to a specific production request herein, then you must indicate such in your written response hereto.

7.      The Documents or tangible things produced in response hereto shall be segregated and clearly marked or labeled so as to correspond to the specific production requests to which such Documents or tangible things are responsive and are being produced.  Otherwise, such Documents or tangible things shall be produced as they are kept in the usual course of business, including the production of files from which such Documents or tangible things are taken.

8.      This is a continuing request for production of Documents and tangible things.  Thus, if after making your initial production(s), you become aware of any additional responsive Documents or tangible things in your possession, ownership, custody or control (actual or constructive), including materials which you have a right to secure from any other source, you are required without further request to produce, or to make available for inspection or copying, such additional Documents or tangible things.

9.      **Unless otherwise specified in any individual request, you must produce all responsive Documents generated or created at any time up to and including the present.**

## II.
## DEFINITIONS

1.      **Application.**  The term "Application" means the Application filed by Dentons to serve as counsel to the Trustee.

2.      **Trustee.**  The term "Trustee" means Steven Darr, whom the United States Trustee appointed chapter 11 trustee in the Debtor's chapter 11 case on February 29, 2024.

3.    **Committee.** The term "Committee" means the official committee of unsecured creditors appointed in the Debtor's chapter 11 case by the United States Trustee on February 9, 2024.

4.    **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, without limitation, email, text, telephone or in writing of any kind.

5.    **Concerning**.   The term "concerning" means referring to, describing, evidencing, or constituting.

6.    **Creditor.** The term "creditor" has the same meaning as ascribed to it in 11 U.S.C. § 101(10), including an entity holding a claim against the Debtor that arose prior to its filing a voluntary chapter 11 petition on January 12, 2024.

7.    **Debtor.** The term "Debtor" means U.S. Credit, Inc., the chapter 11 debtor in Case No. 24-10058-JEB.

8.    **Dentons.** The term "Dentons" means the law firm Dentons Bingham Greenebaum LLP, counsel to the Committee, and any person working for or on behalf of Dentons.

9.    **Documents**. The term "documents" includes, but is not limited to, the following materials: any and all papers, documents, correspondence, letters, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), backup tapes, data electronically stored (including archival and backup copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means), other data, photographs, videos, surveys, drawings, films, schematics, other computer generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, or any other papers or writings or communications or summaries thereof.

10.    **Member.** The term "member" means a person appointed the Committee.

11.    **Notice of Disbandment.** The term "Notice of Disbandment" means the "Notice of the Official Committee of Unsecured Creditors' Vote to

Disband" filed on behalf of the Committee by Dentons on February 29, 2024 at Docket Number 280.

12.    **Person**.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

13.    **Refer or Refers to**.  The term "refer" or "refer to" means mentioning, discussing, making reference to or relating to in any way.

14.    **Relate or Relates to**.  The term "relate" or "relates to" means constituting, defining concerning embodying, reflecting, identifying, stating, referring to, dealing with or in any way pertaining to.

15.    Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

## III.
## REQUESTED DOCUMENTS AND TANGIBLE THINGS

The terms defined in Section II above have the same meaning here.  **The United States Trustee requests that the person identified in the attached notice and subpoena produce to the United States Trustee's counsel, Eric K. Bradford, in pdf format, by email, drop box or some other mutually agreeable means**, and permit him to inspect and to copy the following:

1.    All documents, including minutes, resolutions, votes or notes of any Committee meeting, concerning, referring or relating to the Committee's retaining Dentons as counsel for the Committee and/or the withdrawal or termination of Dentons.

2.    All documents, including minutes, resolutions, votes or notes of any Committee meeting, concerning, referring or relating to the disbandment of the Committee and Dentons' recommendations or advice regarding the same.

3.    All documents concerning, referring or relating to the assertions in the Notice of Disbandment that the Committee had "unanimously voted to disband . . . [and] The Committee believes that the interests of unsecured creditors will be adequately considered by the chapter 11 trustee and wishes to avoid unnecessary administrative expense . . . ."

4

4.      All documents concerning, referring or relating to the assertions in the Application that "After considering the issues, the Committee voted unanimously to disband and all of the Committee's members provided [Dentons] informed written consent that [Dentons] could represent the Trustee if so asked . . . ."

5.      All documents concerning, referring or relating to the Committee's investigation of possible claims against the Debtor or any creditor.

6.      All documents responsive to the above requests held by any Committee member.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | |
| U.S. CREDIT, INC., | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Case No. 24-10058-JEB |
| | ) | |

**NOTICE OF ORAL DEPOSITION ACCOMPANIED
BY DOCUMENT PRODUCTION REQUEST
(WITH CERTIFICATE OF SERVICE)**

TAKE NOTICE that William K. Harrington, the United States Trustee for Region 1, will take the deposition of **Mr. Greg Lee,** a member of the official committee of unsecured creditors in the above chapter 11 bankruptcy case, under Fed. R. Civ. P. 30, as made applicable to contested matters under Fed. R. Bankr. P. 9014 on **Tuesday, April 23, 2024 beginning at 1:00 p.m. EST.**

The deposition will be conducted remotely and recorded stenographically.

THIS NOTICE IS ACCOMPANIED by a subpoena under Fed. R. Civ. P. 45 that requires Mr. Lee to produce documents before the time of the deposition, at **10:00 a.m.**

1

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:  */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Fax: (617) 565-6368

Dated:  April 19, 2024.        Eric.K.Bradford@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 19, 2024, true and correct copies of the foregoing notice and the attached subpoena were served by email to Mr. Lee at the address he provided to the United States Trustee, Derek F. Meek, Esq., and counsel to the Creditors' Committee, Andrew Helman, Esq.

<div style="margin-left:40%">

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:    */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Fax: (617) 565-6368

</div>

Dated:  April 19, 2024.          Eric.K.Bradford@usdoj.gov

**BY EMAIL:**

Greg Lee
First Bank of Alabama
120 East North Street
Talladega, AL 35160
(Email: glee@fbal.bank)

Derek F. Meek, Esq.
Burr & Forman, LLP
420 North 20th St., Suite 3400
Birmingham, AL 35203

Andrew Helman, Esq.
Dentons Bingham Greenebaum LLP
One Beacon Street, Suite 25300
Boston, MA 02108
Email: andrew.helman@dentons.com

3

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Massachusetts__

In re __U.S. Credit, Inc.__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __24-10058-JEB__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

**Mr. Greg Lee, a member of the official committee of unsecured creditors for U.S. Credit, Inc.**

To: _____
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Remotely by Zoom | **Tuesday, April 23, 2024 beginning at 1:00 p.m. EST.** |

The deposition will be recorded by this method: 
__Remotely by Zoom and recorded stenographically.__

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
__The documents described in the attached Exhibit "A" on or before 04/23/2024 at 10:00 a.m.__

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __April 19, 2024__

CLERK OF COURT

OR

**ERIC BRADFORD**
Digitally signed by ERIC BRADFORD
Date: 2024.04.19 07:55:32 -04'00'

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature
Eric K. Bradford, Trial Attorney

The name, address, email address, and telephone number of the attorney representing *(name of party)* Wiliam K. Harrington
United States Trustee, Region 1 , who issues or requests this subpoena, are:

Eric K. Bradford, 5 P.O. Square, 10th Floor, Suite 1000, Boston, MA 02109-3934, Eric.K.Bradford@usdoj.gov
**Notice to the person who issues or requests this subpoena** (202) 306-3815

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: _____

 By email to Mr. Greg Lee _____

_____ on *(date)* _____ ; or

[ ] I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


 I declare under penalty of perjury that this information is true and correct.

Date:  April 19, 2024

ERIC BRADFORD
Digitally signed by ERIC BRADFORD
Date: 2024.04.19 07:56:29 -04'00'
_____
*Server's signature*

Eric K. Bradford, Trial Attorney
_____
*Printed name and title*

United States Trustee, 5 P.O. Square, Suite 1000

Boston, MA 02109-3934
_____
*Server's address*

Eric.K.Bradford@usdoj.gov

(202) 306-3815

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

## I.
## INSTRUCTIONS

1.      You are required to respond to this request for production of Documents (as defined herein) and tangible things by drawing on all materials in your possession, ownership, custody, or control, actual or constructive, including materials that you have a right to secure from any other source.  These sources include, but are not limited to, your employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.  These sources further include, but are not limited to, your predecessors, successors, parents, subsidiaries, affiliates, divisions, and their respective employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.

2.      If any Document or tangible thing herein requested was, but no longer is, in your possession or subject to your control, whether actual or constructive, state what disposition was made of the Document or tangible thing, why such disposition was made, to whom the Document or tangible thing was transferred or delivered if applicable, where the Document or tangible thing presently is located, and the date or dates (or approximate date or dates) on which such disposition was made.

3.      In the event that you file a proper and timely objection to any portion of any individual request for the production of Documents or tangible things presented herein, you are required to respond to all other portions of that request that do not fall within the ambit of your objection.

4.      If any portion of any Document or tangible thing is responsive to any production request herein, then the entire Document or tangible thing must be produced.  If any requested Document or tangible thing cannot be produced in full, then you must produce that Document or tangible thing to the greatest extent possible.  Whenever a document or tangible thing is not produced in full, or is produced in redacted form, you must indicate such on the Document or tangible thing produced.

**5.      If any Document or tangible thing responsive to a production request herein is withheld in whole or in part, for any reason whatsoever, including, but not limited to, any claim of privilege, confidentiality, or**

1

trade secret, then you must state with respect to each such Document, tangible thing, or withheld portion thereof: **(a)** the privilege or ground under which it is being withheld; **(b)** a description of the subject matter thereof; **(c)** the identity of its author or creator; **(d)** the identity of all persons to whom it is addressed and all persons to whom copies thereof have ever been furnished; **(e)** the date thereof; and **(f)** the current custodian and location thereof.

6.      If there do not exist Documents or tangible things responsive to a specific production request herein, then you must indicate such in your written response hereto.

7.      The Documents or tangible things produced in response hereto shall be segregated and clearly marked or labeled so as to correspond to the specific production requests to which such Documents or tangible things are responsive and are being produced.  Otherwise, such Documents or tangible things shall be produced as they are kept in the usual course of business, including the production of files from which such Documents or tangible things are taken.

8.      This is a continuing request for production of Documents and tangible things.  Thus, if after making your initial production(s), you become aware of any additional responsive Documents or tangible things in your possession, ownership, custody or control (actual or constructive), including materials which you have a right to secure from any other source, you are required without further request to produce, or to make available for inspection or copying, such additional Documents or tangible things.

9.      **Unless otherwise specified in any individual request, you must produce all responsive Documents generated or created at any time up to and including the present.**

## II.
## DEFINITIONS

1.      **Application.**  The term "Application" means the Application filed by Dentons to serve as counsel to the Trustee.

2.      **Trustee.**  The term "Trustee" means Steven Darr, whom the United States Trustee appointed chapter 11 trustee in the Debtor's chapter 11 case on February 29, 2024.

3.      **Committee.**  The term "Committee" means the official committee of unsecured creditors appointed in the Debtor's chapter 11 case by the United States Trustee on February 9, 2024.

4.      **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, without limitation, email, text, telephone or in writing of any kind.

5.      **Concerning**.  The term "concerning" means referring to, describing, evidencing, or constituting.

6.      **Creditor.**  The term "creditor" has the same meaning as ascribed to it in 11 U.S.C. § 101(10), including an entity holding a claim against the Debtor that arose prior to its filing a voluntary chapter 11 petition on January 12, 2024.

7.      **Debtor.**  The term "Debtor" means U.S. Credit, Inc., the chapter 11 debtor in Case No. 24-10058-JEB.

8.      **Dentons.**  The term "Dentons" means the law firm Dentons Bingham Greenebaum LLP, counsel to the Committee, and any person working for or on behalf of Dentons.

9.      **Documents**.  The term "documents" includes, but is not limited to, the following materials: any and all papers, documents, correspondence, letters, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), backup tapes, data electronically stored (including archival and backup copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means), other data, photographs, videos, surveys, drawings, films, schematics, other computer generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, or any other papers or writings or communications or summaries thereof.

10.     **Member.**  The term "member" means a person appointed the Committee.

11.     **Notice of Disbandment.**  The term "Notice of Disbandment" means the "Notice of the Official Committee of Unsecured Creditors' Vote to

Disband" filed on behalf of the Committee by Dentons on February 29, 2024 at Docket Number 280.

      12.    **Person**. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

      13.    **Refer or Refers to**. The term "refer" or "refer to" means mentioning, discussing, making reference to or relating to in any way.

      14.    **Relate or Relates to**. The term "relate" or "relates to" means constituting, defining concerning embodying, reflecting, identifying, stating, referring to, dealing with or in any way pertaining to.

      15.    Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

## III.
## REQUESTED DOCUMENTS AND TANGIBLE THINGS

      The terms defined in Section II above have the same meaning here. **The United States Trustee requests that the person identified in the attached notice and subpoena produce to the United States Trustee's counsel, Eric K. Bradford, in pdf format, by email, drop box or some other mutually agreeable means**, and permit him to inspect and to copy the following:

      1.    All documents, including minutes, resolutions, votes or notes of any Committee meeting, concerning, referring or relating to the Committee's retaining Dentons as counsel for the Committee and/or the withdrawal or termination of Dentons.

      2.    All documents, including minutes, resolutions, votes or notes of any Committee meeting, concerning, referring or relating to the disbandment of the Committee and Dentons' recommendations or advice regarding the same.

      3.    All documents concerning, referring or relating to the assertions in the Notice of Disbandment that the Committee had "unanimously voted to disband . . . [and] The Committee believes that the interests of unsecured creditors will be adequately considered by the chapter 11 trustee and wishes to avoid unnecessary administrative expense . . . ."

4.      All documents concerning, referring or relating to the assertions in the Application that "After considering the issues, the Committee voted unanimously to disband and all of the Committee's members provided [Dentons] informed written consent that [Dentons] could represent the Trustee if so asked . . . ."

5.      All documents concerning, referring or relating to the Committee's investigation of possible claims against the Debtor or any creditor.

6.      All documents responsive to the above requests held by any Committee member.